Frances M. Campbell (Cal. SBN 211563)
fcampbell@campbellfarahani.com
Nima Farahani (Cal. SBN 244492)
nfarahani@campbellfarahani.com
JoAnne E. Belisle (Cal. SBN 286419)
jbelisle@campbellfarahani.com
**CAMPBELL & FARAHANI, LLP**
15233 Ventura Boulevard, Suite 408
Sherman Oaks, California 91403
Telephone: (818) 999-4242
Facsimile: (818) 999-4246

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN HOWARD, GALE HOWARD and CHRISTINE HOWARD,<br><br>                 Plaintiffs,<br><br>    v.<br><br><br><br><br>HMK HOLDINGS, LLC, and HOVIK M. KHALOIAN;<br><br>                 Defendants. | CASE NO.: 2:17-cv-05701<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF BASED ON**<br>**(1) VIOLATION OF THE FAIR HOUSING ACT;**<br>**(2) VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT;**<br>**(3) NEGLIGENCE; AND**<br>**(4) VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs allege through their attorneys of record as follows:

///

///

///

# I.

# JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question). The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiffs' state law claims. Plaintiffs' state law claims are related to Plaintiffs' federal claims and arise out of a common set of related facts, such that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue lies in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because all of the unlawful conduct that gives rise to these claims occurred in the Central District of California.

# II.

# PARTIES

3. Plaintiff Glenn Howard ("Mr. Howard") is a severely brain-damaged senior citizen who resides in a house located at 7356 Pyramid Place in Los Angeles, California, in the County of Los Angeles (hereinafter, the "House"). His is a 20-year veteran of the United States Air Force.

4. Plaintiff Gale Howard ("Mrs. Howard") is the wife of Mr. Howard and resides at the House.

5. Plaintiff Christine Howard ("Christine") is the adult daughter of Mr. Howard who also resides at the House.

6. Collectively, Mr. and Mrs. Howard and Christine are referred to herein as the "Howard Family."

7. Defendant HMK Holdings, LLC is a limited liability company doing business in Los Angeles as an owner and manager of residential real properties, including the House.

///

8. Defendant Hovik M. Khaloian is the managing (and sole) member of HMK Holdings and its agent.

## III.

## FACTS COMMON TO ALL CLAIMS

9. In 1994, Mr. Howard had a tumor removed from his brain, a tumor that had grown to the size of one-third of Mr. Howard's brain. After the tumor was removed, Mr. Howard underwent extensive radiation treatment, which caused further damage to his brain. As a result of his condition, surgery, and radiation treatment, Mr. Howard requires 24-hour supervision by a caretaker. He is non-verbal, and unable communicate his needs in any other way. He cannot dress himself, bathe himself, and he is incontinent. Mr. Howard suffers from apraxia, and frequently chokes on his food if he is not supervised when eating.

10. In 2012, the Mr. and Mrs. Howard entered into a lease for the House, renting it at a rate of $4,700.00 per month. A copy of the lease is attached as **EXHIBIT A.**

11. When the Howard Family moved into the House in October 2016, it was in poor condition. Some of these conditions were not immediately apparent and were discovered after the Howard Family moved in. For example, the toilets were not connected to a sewer—waste from the toilets was just directed outside and flowed down a hillside. One of the problems with the property was the lack of maintenance outside the home. Mrs. Howard accidently stepped in a hole in the landscaping, and severely injured her ankle. She subsequently sued Mr. Khaloian for damages. The personal injury lawsuit was settled in August 2016.

12. After the personal injury suit with Mr. Khaloian was resolved, Mr. Khaloian no longer wanted the Howard Family to live at the House and terminated their tenancy as of April 25, 2017.

///

13. Although Mr. Howard's condition had been stable when the Howard Family moved into the House, in late 2016 Mr. Howard's regular medication regime stopped working, and he started to suffer nocturnal seizures. Mr. Howard's neurologist recommended that Mr. Howard not move out of the House until his condition could be stabilized. Therefore, on March 11, 2017, Mrs. Howard requested that HMK Holdings and Hovik Khaloian reasonably accommodate her husband's disability by allowing the Howard Family to remain tenants until July 15, 2017. A copy of the March 11, 2016 reasonable accommodation request is attached as **EXHIBIT B.**

14. The Defendants delayed responding to the March 11th reasonable accommodation request, but eventually granted it, on May 5, 2017. A copy of the May 5, 2017 letter granting the reasonable accommodation request, and allowing the Howard Family to remain in the House until July 15, 2017, is attached hereto as **EXHIBIT C.** The Defendants warned, "We will not grant any further extensions."

15. However, as of June 2017, it became clear to Mr. Howard's physician that Mr. Howard would not be physically able to move by July 15, 2017. Therefore, on June 23, 2017, the Howard Family requested an additional reasonable accommodation, requesting that Mr. Howard be allowed to remain in the House until he could be medically stabilized. A copy of the June 23rd reasonable accommodation request, including a letter from Mr. Howard's physician, is attached as **EXHIBIT D.** The physician offered to answer any questions that the Defendants might have regarding Mr. Howard's condition, and when he might be stable enough to travel.

16. The landlord denied the June 23rd reasonable accommodation request, ostensibly because the Howard Family was seeking an open-ended extension of the time to vacate. A copy of the letter denying the June 23rd reasonable accommodation request is attached hereto as **EXHIBIT E.**

17. On July 6th, to appease the Defendants, the Howard Family modified its request for a reasonable accommodation, seeking to extend their tenancy until January 2018—a date by which Mr. Howard's physician believed Mr. Howard would be stable enough to move. A true and correct copy of the July 6th reasonable accommodation request is attached hereto as **EXHIBIT F.** The Howard Family asked the landlord to respond before July 12, 2017, the current end of their tenancy. The landlord did not respond.

18. Not having heard from the landlord, on July 14th, the Howard family made a new reasonable accommodation request, asking to stay at the House until January 2018, and voluntarily offered $5,966.00 in rent to the landlord, a substantial increase in rent of $1,266 per month. A true and correct copy of the July 14, 2017 request for a reasonable accommodation is attached hereto as **EXHIBIT G.**

19. On July 21, 2017, the landlord refused the reasonable accommodation request, refused to enter into the interactive process as required by law, and, instead, filed an unlawful detainer lawsuit against the Glenn and Gale Howard.

## IV.
## CAUSES OF ACTION
### A.
### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR HOUSING ACT
**(By Plaintiff against all Defendants)**

20. Plaintiffs here reallege the allegations set forth in paragraphs 1 through 19.

///

21. Plaintiff Glenn Howard is handicapped within the meaning of 42 U.S.C. § 3602(h)(1) because he suffers from a physical impairment that substantially limits one or more of his major life activities. He is an "aggrieved person" within the meaning of 42 U.S.C. § 3602(i). Gale Howard and Christine Howard are "aggrieved persons" within the meaning of 42 U.S.C. § 3602(ii).

22. Defendants injured Plaintiffs in violation of 42 U.S.C. § 3604(f) by discriminating in the rental of a dwelling because of Plaintiff Glen Howard's handicaps, and by refusing to make reasonable accommodations in rules, policies, practices or services, as necessary to afford Plaintiffs equal opportunity to use and enjoy a dwelling.

23. Plaintiffs have suffered damages, including mental anguish and emotional distress, by virtue of the above-enumerated violations of their civil rights, and are therefore entitled to compensatory damages.

24. Defendants have no legitimate and nondiscriminatory reason for refusing to allow Plaintiffs to remain in the Apartment for an additional five months, and have no legitimate or nondiscriminatory reason for refusing to enter into the interactive process with respect to Plaintiffs' requests for a reasonable accommodation.

25. Defendants, as professional residential real property owners and managers, know of their obligations under Fair Housing Act and acted intentionally, maliciously, wantonly, recklessly and in bad faith in refusing to reasonably accommodate Plaintiff Glenn Howard's disability by allowing Mr. Howard, and his caretakers Gale Howard and Christine Howard, to remain in the House for five additional months. Defendants were, and continue to be, callously indifferent or recklessly indifferent to Plaintiffs' federally protected rights. Therefore, Plaintiffs are entitled not only to actual damages but also to punitive damages pursuant to 42 U.S.C. § 3613(c)(1).

///

26. Plaintiffs are entitled to recover their reasonable attorneys' fees and costs of suit in this action, pursuant to 42 U.S.C. § 3613(c)(2).

**B.**

**SECOND CAUSE OF ACTION**

**VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

**(By Plaintiff against all Defendants)**

27. Plaintiffs here reallege the allegations set forth in paragraphs 1 through 26.

28. Defendants have injured Plaintiffs in violation of the California Fair Employment and Housing Act by their refusal to make reasonable accommodations in rules, policies, practices, or services when these accommodations are necessary to afford Plaintiff Glenn Howard, a disabled person, and his family members, equal opportunity to use and enjoy the Apartment.

29. As a proximate result of Defendants' conduct, Plaintiffs have been damaged as set forth herein and continue to suffer damages. Because of Defendants' knowledge that Plaintiff Glenn Howard is a disabled person and was, and continues to be, in need of a reasonable accommodation under State law, and because Defendants have refused to reasonably accommodate Mr. Howard's disability or enter into the interactive process, Plaintiffs are entitled to punitive damages pursuant to California Civil Code § 3294.

30. Plaintiffs are further entitled to recover their attorneys' fees, costs and expert witness fees against Defendants.

///

///

///

## C.

## THIRD CAUSE OF ACTION

## NEGLIGENCE

**(By Plaintiffs against all Defendants)**

31. Plaintiffs here reallege the allegations set forth in paragraphs 1 through 30, and paragraphs 36 and 37.

32. Defendants, and each of them, had a duty to train their agents and employees to rent the House to tenants in a manner that was free from unlawful discrimination, and had a duty to train their agents and employees in proper procedures relating to receipt of reasonable accommodation requests and the interactive process. Defendants had a duty to train their agents to grant reasonable accommodations to disabled tenants whenever possible.

33. Defendants violated that duty by negligently hiring, training and supervising their agents and employees regarding the requirements of and proper application of federal and state fair housing laws.

34. As a proximate result of the aforementioned breaches of duty, Plaintiffs sustained injuries and damages in amounts to be proven at trial.

## D.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT

## [Cal. Civ. C. § 54.1.]

**(By Plaintiff Glenn Howard against all Defendants)**

35. Plaintiff here realleges the allegations set forth in paragraphs 1 through 34.

36. Plaintiff is an individual with a disability as defined in Civil Code 54.

37. Defendants, and each of them, have violated the California Disabled Persons Act, specifically, Civil Code section 54.1, subdivision (b)(3)(B), by

refusing to make reasonable accommodations in rules, policies, practices, or services, when those accommodations may be necessary to afford individuals with a disability equal opportunity to use and enjoy housing accommodations.

38. As a proximate result, Defendants and each of them are liable for Plaintiff's actual damages, treble damages, and attorney's fees, as set forth in California Civil Code section 54.3.

## V.
## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays as follows:

1. For an injunction enjoining Defendants from (a) making unavailable or denying a dwelling to Plaintiffs because of Glenn Howard's disability, in violation of the Fair Housing Act; (b) making any statements, with respect to the rental of a dwelling, that indicate a preference, limitation or discrimination in violation of the Fair Housing Act; and (c) refusing to make reasonable accommodations in Defendants' rules, policies, practices or services, as may be necessary to afford Plaintiff equal opportunity to use and enjoy the House;

2. For economic damages and non-economic damages according to proof at trial, but in an amount in excess of $500,000.00;

3. For punitive damages according to proof, and as permitted by statute, in an amount not less than $1,000,000.00;

4. For reasonable attorneys' fees, expert witness fees and costs of suit, as permitted by statute; and

///

5. For actual damages and treble damages on the Fourth Cause of Action for violation of the California Disabled Persons Act, pursuant to California Civil Code section 54.3, in addition to reasonable attorneys' fees; and

6. For such other and further relief as the Court may find to be just and proper.

DATED: August 1, 2017           Respectfully submitted,
                                CAMPBELL & FARAHANI, LLP

                                          /s/

                                By: _____
                                Frances M. Campbell, Esq.
                                Attorneys for Plaintiffs