JEFFER MANGELS BUTLER & MITCHELL LLP
MARTIN H. ORLICK SBN. 083908, mho@jmbm.com
STUART K. TUBIS SBN. 278278, skt@jmbm.com
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3824
Telephone:    (415) 398-8080
Facsimile:    (415) 398-5584

Attorneys for Defendants HMK Holdings, LLC and Hovik M. Khaloian

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN HOWARD, GALE HOWARD and CHRISTINE HOWARD,<br><br>Plaintiffs,<br><br>v.<br><br>HMK HOLDINGS, LLC, and HOVIK M. KHALOIAN,<br><br>Defendants. | CASE NO.    2:17-cv-05701-AFM<br><br>**ANSWER OF DEFENDANTS TO PLAINTIFFS' COMPLAINT**<br><br>Complaint filed: 8/1/2017 |

Defendants HMK Holdings, LLC and Hovik M. Khaloian (collectively "**Defendants**") hereby answer the Complaint (the "**Complaint**") of Plaintiffs Glenn Howard, Gale Howard and Christine Howard (collectively "**Plaintiffs**"), as follows:

### I.    JURISDICTION & VENUE:

1.    In answer to Paragraph 1 of the Complaint, Defendants admit that federal question jurisdiction appears appropriate at this time. Defendants deny that supplemental jurisdiction is appropriate at this time. Defendants deny any remaining allegations of said paragraph.

2.    In answer to Paragraph 2 of the Complaint, Defendants admits that venue appears appropriate at this time.

### II.    PARTIES

3.    In answer to Paragraph 3 of the Complaint, Defendants lack information and knowledge necessary to form a belief as to Plaintiffs' allegations and on that basis deny the

PRINTED ON RECYCLED PAPER

- 1 -

ANSWER TO COMPLAINT, CASE NO. 2:17-cv-05701-AFM

allegations of said paragraph.

4. In answer to Paragraph 4 of the Complaint, Defendants lack information and knowledge necessary to form a belief as to Plaintiffs' allegations and on that basis deny the allegations of said paragraph.

5. In answer to Paragraph 5 of the Complaint, Defendants lack information and knowledge necessary to form a belief as to Plaintiffs' allegations and on that basis deny the allegations of said paragraph.

6. In answer to Paragraph 6 of the Complaint, Defendants acknowledge the naming conventions used by Plaintiffs in the Complaint.

7. In answer to Paragraph 7 of the Complaint, Defendants admit only that HMK Holdings, LLC is a limited liability company doing business in Los Angeles as an owner and manager of the house located at 7356 Pyramid Place in Los Angeles, California, in the County of Los Angeles (the "**Subject Property**").

8. In answer to Paragraph 8 of the Complaint, Defendants admit the allegations of said paragraph.

### III. FACTS COMMON TO ALL CLAIMS

9. In answer to Paragraph 9 of the Complaint, Defendants lack information and knowledge necessary to form a belief as to Plaintiffs' allegations and on that basis deny the allegations of said paragraph.

10. In answer to Paragraph 10 of the Complaint, Defendants admit the allegations of said paragraph.

11. In answer to Paragraph 11 of the Complaint, Defendants admit that Mrs. Howard sued Mr. Khaloian for damages due to an alleged personal injury and that the matter settled in or about August 2016. Defendants deny the remaining allegations of said paragraph.

12. In answer to Paragraph 12 of the Complaint, Defendants deny the allegations of said paragraph.

13. In answer to Paragraph 13 of the Complaint, Defendants lack information and knowledge necessary to form a belief as to Plaintiffs' allegations and on that basis deny the

allegations of said paragraph.

14. In answer to Paragraph 14 of the Complaint, Defendants admit that they granted Plaintiffs' request for accommodation. Defendants lack information and knowledge necessary to form a belief as to Plaintiffs' allegations and on that basis deny the allegations of said paragraph.

15. In answer to Paragraph 15 of the Complaint, Defendants lack information and knowledge necessary to form a belief as to Plaintiffs' allegations and on that basis deny the allegations of said paragraph.

16. In answer to Paragraph 16 of the Complaint, Defendants deny the allegations of said paragraph.

17. In answer to Paragraph 17 of the Complaint, Defendants admit that Plaintiffs slightly modified their reasonable accommodation request. Defendants deny the remaining allegations of said paragraph.

18. In answer to Paragraph 18 of the Complaint, Defendants admit that Plaintiffs sought a new reasonable accommodation request. Defendants deny the remaining allegations of said paragraph.

19. In answer to Paragraph 19 of the Complaint, Defendants deny the allegations of said paragraph.

### IV. CAUSES OF ACTION

#### A.

#### FIRST CAUSE OF ACTION

#### VIOLATION OF THE FAIR HOUSING ACT

**(By Plaintiffs against all Defendants)**

20. In answer to paragraph 20 of the Complaint, Defendants hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to all previous paragraphs, inclusive, as though fully set forth herein.

21. In answer to paragraph 21 of the Complaint, said paragraph contains legal conclusions and legal arguments that Defendants are not required to admit or deny. To the extent a

response is deemed necessary, Defendants deny each averment contained in said paragraph.

22. In answer to paragraph 22 of the Complaint, Defendants deny the allegations of said paragraph.

23. In answer to paragraph 23 of the Complaint, Defendants deny the allegations of said paragraph.

24. In answer to paragraph 24 of the Complaint, Defendants deny the allegations of said paragraph.

25. In answer to paragraph 25 of the Complaint, Defendants deny the allegations of said paragraph.

26. In answer to paragraph 26 of the Complaint, Defendants deny the allegations of said paragraph.

## B.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT

### (By Plaintiffs against all Defendants)

27. In answer to paragraph 27 of the Complaint, Defendants hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to all previous paragraphs, inclusive, as though fully set forth herein.

28. In answer to paragraph 28 of the Complaint, Defendants deny the allegations of said paragraph.

29. In answer to paragraph 29 of the Complaint, Defendants deny the allegations of said paragraph.

30. In answer to paragraph 30 of the Complaint, Defendants deny the allegations of said paragraph.

## C.

## THIRD CAUSE OF ACTION

## NEGLIGENCE

**(By Plaintiffs against all Defendants)**

31.    In answer to paragraph 31 of the Complaint, Defendants hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to all previous paragraphs, inclusive, as though fully set forth herein.

32.    In answer to paragraph 32 of the Complaint, said paragraph contains legal conclusions and legal arguments that Defendants are not required to admit or deny.  To the extent a response is deemed necessary, Defendants deny each averment contained in said paragraph.

33.    In answer to paragraph 33 of the Complaint, Defendants deny the allegations of said paragraph.

34.    In answer to paragraph 34 of the Complaint, Defendants deny the allegations of said paragraph.

### D.
### FOURTH CAUSE OF ACTION
### VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT
### [Cal. Civ. C. § 54.1.]

**(By Plaintiff against all Defendants)**

35.    In answer to paragraph 35 of the Complaint, Defendants hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to all previous paragraphs, inclusive, as though fully set forth herein.

36.    In answer to paragraph 36 of the Complaint, said paragraph contains legal conclusions and legal arguments that Defendants are not required to admit or deny.  To the extent a response is deemed necessary, Defendants deny each averment contained in said paragraph.

37.    In answer to paragraph 37 of the Complaint, Defendants deny the allegations of said paragraph.

38.    In answer to paragraph 38 of the Complaint, Defendants deny the allegations of said paragraph.

39. Defendants deny Plaintiff's entitlement to the relief sought in the Prayer section of the Complaint.

40. Any allegations not specifically admitted herein shall be deemed denied.

WHEREFORE, Defendants pray for judgment hereinafter as set forth.

## AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION

### (Lack Of Standing For Injunctive Relief)

1. Defendants allege that Plaintiffs lacks standing to seek the remedies sought because Plaintiffs do not have disabilities as alleged, and therefore, do not have standing to seek relief under the Fair Housing Act or otherwise.

### (Standing-No Injury In Fact)

2. Defendants allege Plaintiffs lack standing because Plaintiffs failed to suffer any injury in fact, and that Plaintiffs failed to suffer an actual or imminent injury as required by applicable law.

### (Failure To Mitigate Damages)

3. Although Defendants deny Plaintiffs have been damaged in any way, if it should be determined that Plaintiffs have been damaged, then Defendants allege, based on information and belief, that Plaintiffs have failed to mitigate purported damages and further alleges, to the extent to which any damages could have been mitigated, such sums should be deducted from any award of damages.

### (Failure to Request Reasonable Accommodations)

4. Defendants allege that Plaintiffs are unable to obtain relief because Plaintiffs have not requested reasonable accommodations under the law.

Defendants expressly reserve the right to assert additional affirmative defenses as necessary.

WHEREFORE, Defendants pray:

1. That Plaintiffs' Complaint be dismissed;
2. That Plaintiffs take nothing by reason thereof;
3. That judgment be entered in favor of Defendants;
4. That Defendants be awarded their attorneys' fees and costs of suit; and

PRINTED ON RECYCLED PAPER

JMBM | Jeffer Mangels Butler & Mitchell LLP

1     5.     For such other and further relief as the Court deems just and proper.

2  DATED: September 8, 2017     JEFFER MANGELS BUTLER & MITCHELL LLP

4     By: */s/ Martin H. Orlick, Esq.*
          MARTIN H. ORLICK, ESQ.

5     Attorneys for Defendants HMK Holdings, LLC and Hovik M. Khaloian

# PROOF OF SERVICE

## STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: Two Embarcadero Center, 5th Floor, San Francisco, California 94111.

On September 8, 2017 I served the document(s) described as **ANSWER OF DEFENDANTS TO PLAINTIFFS' COMPLAINT** in this action addressed as follows:

Frances M. Campbell (Cal. SBN 211563)
fcampbell@campbellfarahani.com
Nima Farahani (Cal. SBN 244492)
nfarahani@campbellfarahani.com
JoAnne E. Belisle (Cal. SBN 286419)
jbelisle@campbellfarahani.com
CAMPBELL & FARAHANI, LLP
15233 Ventura Boulevard, Suite 408
Sherman Oaks, California 91403

☒  (TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF))
Pursuant to the controlling Rules, the aforementioned document(s) will be served by the court via NEF and proper link(s) to the document(s).

Executed on September 8, 2017 at San Francisco, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

*/s/ Darya Oborina*

Darya Oborina