1  JEFFER MANGELS BUTLER & MITCHELL LLP
   MARTIN H. ORLICK (Bar No. 083908)
2  *morlick@jmbm.com*
   ANDREW I. SHADOFF (Bar No. 272319)
3  *ashadoff@jmbm.com*
   STUART K. TUBIS (Bar No. 278278)
4  *skt@jmbm.com*
   Two Embarcadero Center, 5th Floor
5  San Francisco, California 94111-3813
   Telephone:  (415) 398-8080
6  Facsimile:   (415) 398-5584

7  Attorneys for Defendants HMK Holdings,
   LLC and Hovik M. Khaloian
8

9              UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11

12  GLENN HOWARD, GALE HOWARD        | Case No. 2:17-cv-05701-DMG-JPR
    and CHRISTINE HOWARD,
13                                   | **NOTICE OF MOTION AND**
               Plaintiffs,           | **MOTION FOR ATTORNEYS'**
14                                   | **FEES; MEMORANDUM OF**
          v.                         | **POINTS AND AUTHORITIES**
15
    HMK HOLDINGS, LLC, and HOVIK     | [*Filed concurrently with Declaration of*
16  M. KHALOIAN,                     | *Martin H. Orlick and Proposed Order*]
17             Defendants.           | Date:    July 27, 2018
                                     | Time:    9:30 a.m.
18                                   | Ctrm.:   8C, 8th Floor
                                     | Judge:   Hon. Dolly M. Gee
19
                                     | Judgment entered:  June 11, 2018
20

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on Friday, July 27, 2018, at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8C, located in the United States Courthouse, 350 West 1st Street, 8th Floor, Los Angeles, CA 90012, the Honorable Dolly M. Gee, United States District Judge presiding, Defendants HMK Holdings, LLC and Hovik M. Khaloian (collectively, "**HMK**") will and hereby do move for an Order awarding HMK its reasonable attorneys' fees, totaling $211,154.00, incurred in prevailing on this lawsuit filed by Plaintiffs Glenn Howard ("**Mr. Howard**"), Gale Howard ("**Mrs. Howard**"), and Christine Howard ("**Ms. Howard**") (collectively, "**Plaintiffs**").

This Motion is made pursuant to Federal Rule of Civil Procedure 54 and Local Rule 54 on the following grounds:

Plaintiffs are liable for HMK's attorneys' fees because the written lease governing Plaintiffs' tenancy at HMK's house contains a broad attorneys' fees provision awarding reasonable attorneys' fees to the prevailing party in any action arising out of the lease. The lease provides that the terms and conditions of the lease continue if, as happened here, the tenancy continues on a month-to-month basis after the termination date stated in the lease. All of Plaintiffs' claims in this case arise out of their tenancy at the house; indeed, their claims were based on the allegation that they should have been permitted to stay longer, which would have continued the terms of the lease even longer. HMK is the prevailing party in this case. Accordingly, Plaintiffs are liable to HMK for HMK's attorneys' fees.

Plaintiffs also are liable for HMK's attorneys' fees because the federal Fair Housing Amendments Act ("**FHAA**"), under which Plaintiffs sued, provides the Court with the discretion to award attorneys' fees to a prevailing defendant where, as here, the plaintiffs' claims were frivolous, unreasonable and/or without foundation. HMK prevailed on Plaintiffs' claims on summary judgment. Plaintiffs' claims in this case were frivolous, unreasonable and/or without foundation. As

explained in detail below, Plaintiffs' claims of disability discrimination were based entirely on Plaintiffs' intentional mischaracterizations of the letters of Mr. Howard's treating and supervising physicians attached to Plaintiffs' Complaint.  Plaintiffs alleged in their Complaint and argued in opposition to summary judgment that those letters meant Mr. Howard could not leave the house (even after those physicians stated under oath that their letters said no such thing).  Plaintiffs knew from the outset of this case that their claim was based solely on their convenience and that there was no legal basis to argue, as they did, that HMK should have accommodated Plaintiffs' convenience.  Accordingly, Plaintiffs' claims were and are frivolous and HMK should be awarded its reasonable attorneys' fees incurred in prevailing.

The amount of fees that should be awarded to HMK should be at least the amount of the lodestar.  The hourly rates charged by HMK's counsel, Jeffer Mangels Butler & Mitchell LLP ("**JMBM**"), are reasonable and commensurate with other highly skilled litigation attorneys practicing in the Los Angeles market.  The fees HMK incurred in this case were reasonably incurred, given the level of complexity of the case and the complete victory achieved by HMK.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 15, 2018.  [Declaration of Martin H. Orlick ("**Orlick Decl.**"), ¶ 2.]

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently-filed Orlick Decl. and exhibits thereto, any reply submission that HMK may file, all of the pleadings and papers on file in this action, any matters of which this Court may properly take judicial notice or may otherwise consider, and any other written or oral argument or evidence that may be presented to or considered by the Court prior to its ruling.

1  DATED:  June 25, 2018

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JEFFER MANGELS BUTLER &
MITCHELL LLP
MARTIN H. ORLICK
ANDREW I. SHADOFF
STUART K. TUBIS


By:   /s/ Andrew I. Shadoff
          ANDREW I. SHADOFF
      Attorneys for Defendants HMK Holdings,
      LLC and Hovik M. Khaloian

JMBM | Jeffer Mangels
      | Butler & Mitchell LLP

62138013

4

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................... 9

II.   FACTUAL AND PROCEDURAL BACKGROUND ................................. 10

   A.   Plaintiffs Rented the House From HMK Pursuant to the Lease .......... 10

   B.   The Lease Includes a Prevailing Party Attorneys' Fees Provision ....... 11

   C.   HMK Prevailed on Summary Judgment ............................................. 11

III.  HMK SHOULD BE AWARDED THE ATTORNEYS' FEES IT
     INCURRED IN PREVAILING ON THIS MERITLESS CASE ................. 11

   A.   The Lease Provides For An Award of Attorneys' Fees to the
       Prevailing Party in Any Action Arising Out of the Lease ................... 11

   B.   The FHAA Provides For a Discretionary Award of Attorneys'
       Fees ................................................................................................. 14

IV.   HMK SHOULD BE AWARDED REASONABLE ATTORNEYS' FEES ... 19

   A.   The Law Applicable to Attorneys' Fees Motions ............................... 19

   B.   JMBM's Rates are Commensurate With the Local Legal Market ....... 20

   C.   JMBM's Fees Were Reasonably Incurred ........................................... 22

V.    CONCLUSION .................................................................................... 23

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Andresen v. Int'l Paper Co.*,
   No. 2:13-cv-02079-CAS(AJWx),
   2015 WL 3648972 (C.D. Cal. June 10, 2015) ...................................... 21

*Barrow v. Barrow*,
   No. 16-11493-FDS, 2017 WL 2953636 (D. Mass. July 10, 2017) ...................... 16

*Bryant Woods Inn, Inc. v. Howard County, Md.*,
   124 F.3d 597 (4th Cir. 1997) .................................................. 15

*Camacho v. Bridgeport Fin., Inc.*,
   523 F.3d 973 (9th Cir. 2008) .............................................. 19, 20

*Chambers v. Whirlpool Corp.*,
   214 F.Supp.3d 877 (C.D. Cal. 2016) ..................................... 19, 21, 22

*Chaudhry v. City of Los Angeles*,
   751 F.3d 1096 (9th Cir. 2014) .................................................. 19

*Christiansburg Garment Co. v. E.E.O.C.*,
   434 U.S. 412 (1978) ........................................................... 15

*Counts v. Meriwether*,
   No. 2:14-cv-00396-SVW-CW,
   2016 WL 1165888 (C.D. Cal. Mar. 9, 2016) ...................................... 21

*CRST Van Expedited, Inc. v. E.E.O.C.*,
   136 S.Ct. 1642 (2016) ......................................................... 15

*Drybread v. Chipain Chiropractic Corp.*,
   151 Cal.App.4th 1063 (2007) .............................................. 12, 13, 14

*Fox v. Vice*,
   563 U.S. 826 (2011) ........................................................... 15

*Hemphill v. Wright Family, LLC*,
   234 Cal.App.4th 911 (2015) .................................................... 12

JMBM | Jeffer Mangels
Butler & Mitchell LLP

# TABLE OF AUTHORITIES

**Page(s)**

*Ingram v. Oroudjian*,
   647 F.3d 925 (9th Cir. 2011) (*per curiam*)..........................................................19

*Logtale, Ltd. v. IKOR, Inc.*,
   No. 11-cv-05452-EDL,
   2016 WL 7743405 (N.D. Cal. Oct. 14, 2016) ....................................................12

*Marsu, B.V. v. Walt Disney Co.*,
   185 F.3d 932 (9th Cir. 1999) ..............................................................................12

*Montano v. Bonnie Brae Convalescent Hosp.*,
   79 F.Supp.3d 1120 (C.D. Cal. 2015) ..................................................................18

*Navarro v. DHL Global Forwarding*,
   No. 2:15-cv-05510-CAS(Ex),
   2018 WL 2328191 (C.D. Cal. May 21, 2018)....................................................21

*Rodriguez v. County of Los Angeles*,
   96 F.Supp.3d 1012 (C.D. Cal. 2014) ..................................................................21

*Santisas v. Goodin*,
   17 Cal.4th 599 (1998) .........................................................................................12

*ScripsAmerica, Inc. v. Ironridge Global LLC*,
   No. CV 14-03962 SJO,
   2016 WL 6871280 (C.D. Cal. Jan. 12, 2016)..............................................20, 21

*Taylor v. Harbour Pointe Homeowners Ass'n*,
   690 F.3d 44 (2d Cir. 2012) .................................................................................15

*Trowbridge Sidoti LLP v. Taylor*,
   No. 8:16-cv-00771-ODW-SK,
   2018 WL 2670656 (C.D. Cal. June 4, 2018)...............................................12, 15

*Unicom Sys., Inc. v. Farmers Group Inc.*,
   No. CV 04-04604 AJW,
   2009 WL 10670614 (C.D. Cal. June 29, 2009)..................................................12

# TABLE OF AUTHORITIES

**Page(s)**

STATUTES

42 U.S.C.
    § 3613(a)(1)(A).................................................................................15
    § 3613(c)(2) ...................................................................................14

Cal. Civ. Code § 54.1(b)(3)(B) .........................................................11

Cal. Civ. Code § 1945..............................................................9, 13, 14

Cal. Gov't Code § 12900 ....................................................................11

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This was not a close case. From the outset, Plaintiffs had no evidence supporting their claim under the FHAA that HMK committed disability discrimination by failing to accommodate Plaintiffs' convenience. At summary judgment, the baselessness of Plaintiffs' case was exposed and the Court properly granted judgment for HMK. As the prevailing party, HMK should be awarded its attorneys' fees on either of two theories.

First, the written lease that governed Plaintiffs' tenancy at the subject house contains a broad attorneys' fees provision that applies even though the written lease itself terminated. *See* Cal. Civ. Code § 1945. Because Plaintiffs' claims arise out of the lease and their tenancy at the house, they should be liable for HMK's fees.

Second, under the FHAA, the Court has the discretion to award fees to prevailing defendants where, as here, a plaintiff's case is frivolous, unreasonable or without foundation. As the Court found in granting summary judgment, Plaintiffs had no evidence whatsoever supporting their claims of discrimination. From the outset, this case was nothing more than an attempt to shake down the landlord and buy Plaintiffs' time to stay in the house without paying rent until they were ready to move to Florida. It is the type of frivolous, bad faith case for which a prevailing defendant should be awarded its attorneys' fees.

In obtaining complete victory in this case, HMK incurred $238,324.00 in total fees. By this Motion, HMK seeks to recover only the time billed by the three attorneys who worked on the case (*i.e.*, not time billed by the paraprofessionals who provided essential litigation support), which totals $211,154.00. HMK should be awarded this amount of attorneys' fees.

HMK's attorneys at JMBM charge reasonable hourly rates that are fully in line with rates charged by other experienced and skilled litigators with extensive disability discrimination experience in the Los Angeles area. This fact is confirmed

by several recent cases from this District, at least two surveys of Los Angeles law firm rates, and the declaration of HMK's lead counsel.

The hours worked by JMBM were reasonably incurred for the total victory it was able to achieve in this case. JMBM staffed this case leanly, with one partner and two associates (one of whom was involved only since January 2018). To keep costs down, the associates handled the lion's share of the work. And, as noted, even though those attorneys were ably assisted by various paraprofessionals at JMBM (who performed essential case support, research, and drafting services), HMK does not seek to recover fees for non-attorney time as part of this Motion.

Accordingly, HMK should be awarded $211,154.00 in attorneys' fees it incurred in prevailing on Plaintiffs' meritless case.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

The uncontroverted facts were recited in detail in the Court's Order re Defendants' Motion For Summary Judgment or, in the Alternative, Partial Summary Judgment. [Docket No. 48; the "**MSJ Order**".] To avoid unnecessary duplication, HMK incorporates by reference the Court's recitation of uncontroverted facts in the MSJ Order in its entirety, except where necessary for background. [*See id.* at 2-9.]

### A.    Plaintiffs Rented the House From HMK Pursuant to the Lease

Plaintiffs began renting the House from HMK pursuant to a written lease ("**Lease**") on September 28, 2012. [Docket No. 48 at 2.] The Lease provided that Plaintiffs had to vacate the House as of October 1, 2013 unless "Landlord accepts Rent from Tenant (other than past due Rent), in which case a month-to-month tenancy shall be created which either party may terminate" as specified in the Lease's terms. [*Id.* at 2-3.] Plaintiffs remained in the House pursuant to a month-to-month tenancy at the original rent from October 1, 2013 through the events underlying this action. [*Id.* at 3.]

### B.   The Lease Includes a Prevailing Party Attorneys' Fees Provision

Paragraph 40 of the Lease provides:  "**ATTORNEY FEES:**  In any action or proceeding *arising out of this Agreement*, the prevailing party between Landlord and Tenant shall be entitled to reasonable attorney fees and costs, except as provided in paragraph 39A."  [Orlick Decl., Ex. 1 at ¶ 40 (emphasis added).]  Paragraph 39A provides that a party who "commences an action without first attempting to resolve the matter through mediation … shall not be entitled to recover attorney fees…."  [*Id.* at ¶ 39A.]

Paragraph 2B provides that where, as here, the tenancy continued on a month-to-month basis after the termination date, "[a]ll other terms and conditions of this Agreement shall remain in full force and effect."  [*Id.* at ¶ 2B.]

### C.   HMK Prevailed on Summary Judgment

On August 1, 2017, Plaintiffs filed the Complaint.  [Docket No. 1.]

On September 8, 2018, HMK filed its Answer, denying Plaintiffs' allegations and seeking, among other relief, its attorneys' fees.  [Docket No. 9 at p. 6.]

On June 11, 2018, the Court granted summary judgment in favor of HMK on Plaintiffs' FHAA claim and dismissed without prejudice the remaining state law claims for violations of the California Fair Employment and Housing Act ("**FEHA**"), Cal. Gov't Code § 12900 *et seq*., negligence, and violation of the California Disabled Persons Act ("**DPA**"), Cal. Civ. Code § 54.1(b)(3)(B).  [*See generally* Docket No. 48.]

### III.   HMK SHOULD BE AWARDED THE ATTORNEYS' FEES IT INCURRED IN PREVAILING ON THIS MERITLESS CASE

### A.   The Lease Provides For An Award of Attorneys' Fees to the Prevailing Party in Any Action Arising Out of the Lease

"Federal courts apply state law in interpreting contracts that provide for

JMBM | Jeffer Mangels Butler & Mitchell LLP

1  recovery of attorneys' fees." *Trowbridge Sidoti LLP v. Taylor*, No. 8:16-cv-00771-
2  ODW-SK, 2018 WL 2670656, *6 (C.D. Cal. June 4, 2018).  Here, the Lease
3  between HMK and Plaintiffs provides for recovery of attorneys' fees in this case.

4        As a threshold matter, Ninth Circuit and California case law confirm that
5  attorneys' fees provisions, like the one here, that refer to all claims "arising out of"
6  an agreement are broad provisions that provide for fees for both contract and tort
7  claims.  *See e.g.*, *Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932, 939 (9th Cir. 1999)
8  (attorneys' fees properly awarded for tort claims under provision awarding fees for
9  any action "arising out of or in connection with" the agreement); *Santisas v. Goodin*,
10 17 Cal.4th 599, 608 (1998) (fees clause entitling prevailing party to fees in any
11 action "arising out of" the agreement encompassed both tort and contract claims);
12 *Hemphill v. Wright Family, LLC*, 234 Cal.App.4th 911, 915 (2015) (directing trial
13 court to award fees to prevailing plaintiff-homeowner in personal injury suit under
14 provision of lease agreement providing for attorneys' fees in any action arising out
15 of the homeowner's tenancy); *Logtale, Ltd. v. IKOR, Inc.*, No. 11-cv-05452-EDL,
16 2016 WL 7743405, *3 (N.D. Cal. Oct. 14, 2016) (awarding fees on tort claims
17 where agreement allowed recovery of the "expenses of enforcing any right of such
18 prevailing party under or with respect to this Agreement"); *Unicom Sys., Inc. v.
19 Farmers Group Inc.*, No. CV 04-04604 AJW, 2009 WL 10670614, *5 (C.D. Cal.
20 June 29, 2009) (awarding fees on tort claims where fees clause of underlying
21 agreement "encompasses any and all litigated claims—whether contract or
22 noncontract—arising from or related to" the agreement).

23        The claims asserted by Plaintiffs in this case are covered by the Lease's broad
24 attorneys' fees provision.  *Drybread v. Chipain Chiropractic Corp.*, 151
25 Cal.App.4th 1063 (2007), is instructive.  There, the plaintiff-landlord filed an
26 unlawful detainer action to evict the defendant-tenant "from commercial premises
27 following expiration of a one-year written sublease."  *Id.* at 1066.  The sublease
28 contained an attorneys' fees provision providing for fees to the prevailing party in

"any action or other proceeding arising out of this Sublease…" *Id.* After the plaintiff voluntarily dismissed the action, the defendant filed a motion for attorneys' fees. *Id.* at 1068. The trial court denied the motion on the grounds that the unlawful detainer action was a contract claim, for which fees are barred in the event of a voluntary dismissal. *Id.* at 1069.

The California Court of Appeal reversed. After explaining that California law does not bar recovery of attorneys' fees on non-contract claims that are voluntarily dismissed, the Court of Appeal held that the attorneys' fees provision at issue was "broad enough to encompass noncontract claims." *Id.* at 1071-72. Even though the plaintiff's claim in that case "was not based on a breach of the lease itself" (*id.* at 1076), the lease continued in existence due to the "defendant's continued possession after expiration of the one-year term and plaintiffs' acceptance of rent after expiration" (*id.* at 1077). Thus, the attorneys' fees clause was effective when the unlawful detainer action was filed. *Id.*

Here, just as in *Drybread* and the other cases cited above, the Lease contains a broad attorneys' fees provision that covers Plaintiffs' claims in this case.

First, Paragraph 40 of the Lease provides that the prevailing party "[i]n any action or proceeding arising out of this Agreement" is "entitled to reasonable attorney fees and costs." [Orlick Decl., Ex. 1 at ¶ 40.[1]] Both the Lease itself and California law confirm that this fees provision survived the termination date of the written lease. In particular, Paragraph 2B of the Lease provides that where, as here, the tenancy continues on a month-to-month basis after the termination date, "[a]ll other terms and conditions of this Agreement shall remain in full force and effect." [*Id.* at ¶ 2B.] Similarly, California Civil Code section 1945 provides: "If a lessee of real property remains in possession thereof after the expiration of the hiring, and the

---

[1] The exception to this provision for parties who refuse to mediate does not apply to HMK because HMK did not commence any action and did not refuse to mediate any dispute. It was Plaintiffs who failed to seek mediation before filing this lawsuit.

JMBM  Jeffer Mangels
Butler & Mitchell LLP

1    lessor accepts rent from him, the parties are presumed to have renewed the hiring *on*

2    *the same terms* and for the same time, not exceeding one month when the rent is

3    payable monthly, nor in any case one year."  (Emphasis added.)

4        Second, HMK indisputably is the prevailing party, having won summary

5    judgment on Plaintiffs' FHAA claim and obtained the dismissal of Plaintiffs' state

6    law claims.  [*See* Docket No. 48 at 1.]

7        And third, Plaintiffs' claims in this case arise out of the Lease and their

8    continued tenancy at the House.  Plaintiffs' claims all are based out of their desire to

9    remain tenants in the House until it was convenient for them to travel by car to

10   Florida.  Had they been granted their requested accommodation, the terms of the

11   Lease (including the attorneys' fees provision), would have continued in force.  *See*

12   Orlick Decl., Ex. 1 at ¶¶ 2B, 40; Cal. Civ. Code § 1945.  Indeed, Plaintiffs sought

13   injunctive relief ordering HMK to permit them to remain in the House.  [Docket No.

14   1 at p. 9.]  Thus, as in *Drybread*, at the time the underlying events that formed the

15   basis of Plaintiffs' claims occurred, the Lease (including its attorneys' fees

16   provision) was in force.  Accordingly, Plaintiffs' claims are covered by the broad

17   attorneys' fees provision in the Lease.  As the prevailing party, HMK therefore is

18   entitled to recover its reasonable attorneys' fees incurred in defending this case.  As

19   explained below, HMK should be awarded $211,154.00 in attorneys' fees.[2]

20

21       **B.    The FHAA Provides For a Discretionary Award of Attorneys' Fees**

22       The FHAA provides the Court with discretion to award the prevailing party

23   its reasonable attorneys' fees and costs.  *See* 42 U.S.C. § 3613(c)(2) ("In a civil

24   action under subsection (a), the court, in its discretion, may allow the prevailing

25

26   _____

27   [2]  HMK also has filed an Application to Tax Costs in the amount of $5,179.05 in

28   costs incurred in connection with necessary depositions.  [Docket No. 50.]

JMBM | Jeffer Mangels Butler & Mitchell LLP

party, other than the United States, a reasonable attorney's fee and costs….").[3]  This section applies to both prevailing plaintiffs and defendants.  *See Taylor v. Harbour Pointe Homeowners Ass'n*, 690 F.3d 44, 50 (2d Cir. 2012) (reversing district court's denial of fees to prevailing defendant in FHAA case).  Prevailing defendants can be awarded attorneys' fees "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation."  *Fox v. Vice*, 563 U.S. 826, 833 (2011), *quoting Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 421 (1978); *see also CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S.Ct. 1642, 1646 (2016) ("When a defendant is the prevailing party on a civil rights claim, the Court has held, district courts may award attorney's fees if the plaintiff's 'claim was frivolous, unreasonable, or groundless,' or if 'the plaintiff continued to litigate after it clearly became so'"), *quoting Christiansburg*, 434 U.S. at  422; *Bryant Woods Inn, Inc. v. Howard County, Md.*, 124 F.3d 597, 606 (4th Cir. 1997) (applying *Christiansburg* standard to motion for attorneys' fees under FHAA).

Courts have awarded attorneys' fees to prevailing defendants in FHAA cases under this standard.

In *Taylor*, for example, the Second Circuit reversed the district court's denial of attorneys' fees for the prevailing defendant on a failure to accommodate claim under the FHAA where the plaintiff conceded at her deposition that she "didn't ask for any special accommodations," and the record indicated the defendants acted in "a neighborly manner."  690 F.3d at 49-50.  The Second Circuit noted that, even if the defendant knew about the plaintiff's disability, "there simply was no way to provide relief from, or an exception to, a[ ] … policy that did not exist."  *Id.* at 50.

---

[3]  Subsection (a) provides, in pertinent part:  "An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this subchapter, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach."  42 U.S.C. § 3613(a)(1)(A).

JMBM | Jeffer Mangels
Butler & Mitchell LLP

In *Barrow v. Barrow*, No. 16-11493-FDS, 2017 WL 2953636 (D. Mass. July 10, 2017), the district court found that the plaintiff's claims of racial discrimination were "groundless" and merited an award of attorneys' fees where the plaintiff's complaint "was entirely devoid of any allegation that [defendant real estate agent] acted with the intent to discriminate against plaintiff based on her race or that he acted pursuant to any facially neutral policy that had a disparate impact on African-Americans." *Id.* at *4. "The complaint thus fell far short of stating a plausible claim for relief under either the FHA or the Civil Rights Act. There was absolutely no factual basis for the allegation that [the defendant] engaged in any kind of discriminatory conduct." *Id.* The Court dismissed the complaint on a Rule 12(b)(6) motion and granted-in-part the defendant's motion for fees. *Id.* at *2, *6.

Similarly, here, HMK clearly is the prevailing party and there was no reasonable basis for Plaintiffs' claims.

As the Court acknowledged in the MSJ Order, Plaintiffs ignored HMK's efforts to obtain a new, one-year written lease for more than a month. [Docket No. 48 at 3.] The day after HMK caused a 60-day notice to quit to be served, Plaintiffs called the proposed new lease "illegal" and "invalid." [*Id.* at 4.] Nevertheless, HMK granted Plaintiffs a three-month extension of their tenancy, to July 15, 2017, the date by which Plaintiffs claimed it would be "possible for [Mr. Howard] to move." [*Id.*]

Plaintiffs never agreed to the proposed lease, never attempted to negotiate its terms, and never offered to even pay the new rental amount until July 14, 2017, the day before their extended tenancy would terminate. [*Id.* at 6 & fn. 5.]

Plaintiffs' later requested extensions of their tenancy—initially without any time restriction, and then for nearly six months—were not supported by ***any*** medical evidence suggesting that Mr. Howard could not move to a different house in the area. [*Id.* at 4-6.] Indeed, as the Court has found, Plaintiffs ***never*** gave HMK any basis for their requested accommodations that contradicted their initial statements

JMBM | Jeffer Mangels Butler & Mitchell LLP

that Mr. Howard would be able to move out by July 15, 2017.  [*Id.* at 13.]

The reason why is clear:  Plaintiffs knew full well that Mr. Howard could have moved from the House at any time.  [*See id.* at 12 ("Plaintiffs do not dispute Defendants' contention that the family could have moved to another Los Angeles residence in July 2017 notwithstanding Mr. Howard's medical condition at the time."). *See also id.* at 13 fn. 11 ("Indeed, Plaintiffs never made any such argument at all, or otherwise controverted Defendants' assertions on the matter.").]  Plaintiffs' claims were based entirely on their convenience.

Plaintiffs had no reasonable basis to file this lawsuit based on the denial of a requested accommodation that was premised solely on their own ***convenience***.  [*See id.* at 11-16.]  Yet, Plaintiffs did so and sought over $1,500,000 in compensatory and punitive damages—a number wholly untethered to reality.  [*See id.* at 8 ("It is uncontroverted, however, that Plaintiffs incurred no out-of-pocket losses as a result of Defendants' denials of their requests for reasonable accommodation.").]

Plaintiffs' actions during discovery are further evidence of the bad faith nature of this lawsuit.  For instance, in support of an *ex parte* application to prevent the deposition of Mr. Howard, Mrs. Howard filed a declaration with the Court on January 10, 2018, in which she falsely declared under penalty of perjury that Mr. Howard was "non-verbal, and unable to communicate…."  [*See* Docket No. 26-1 at ¶ 6.]  Judge Rosenbluth denied the *ex parte* application and ordered Mr. Howard to sit for deposition on January 15, 2018.  [Docket No. 30.]  Mr. Howard testified verbally during his deposition on that date and, in fact, a portion of Mr. Howard's deposition testimony was cited in the MSJ Order.  [*See* Docket No. 48 at 8; *see also* Orlick Decl., ¶ 14.]

Based on the lack of any evidence supporting Plaintiffs' claims, this lawsuit appears to have been an attempted shakedown of a landlord who had done nothing

1  legally wrong.[4]  Such frivolous actions are properly deterred by awards of attorneys'
2  fees to prevailing defendants.

3       Plaintiffs are expected to argue that the case was not unreasonable because
4  they also asserted a claim based on HMK's alleged failure to engage in the
5  interactive process and the law is not settled on that issue.  This argument should be
6  rejected.  This Court's MSJ Order cited an overwhelming weight of authority
7  confirming that the failure to engage in the interactive process is ***not*** a stand-alone
8  cause of action for housing discrimination under the FHAA (or under the other
9  statutes Plaintiffs asserted).  In fact, every case but one cited in the MSJ Order
10 confirms that there is no stand-alone cause of action.  [*See* Docket No. 48 at 16-20.]

11      The lone cited case holding otherwise, *Montano v. Bonnie Brae Convalescent*
12 *Hosp.*, 79 F.Supp.3d 1120 (C.D. Cal. 2015), relied on cases that this Court properly
13 concluded do not support *Montano*'s holding, but instead confirm that there is no
14 such cause of action.  [*See* Docket No. 48 at 18-20.]  Even the Joint Statement from
15 the Department of Housing and Urban Development and Department of Justice that
16 Plaintiffs filed in opposition to the MSJ "does not discuss or suggest the viability of
17 an independent cause of action for failure to engage in the interactive process" under
18 the FHAA.  [*See id.* at 19 fn. 15.]

19      Accordingly, Plaintiffs' claim that HMK failed to engage in the interactive
20 process had no legal basis and therefore does not render their lawsuit reasonable or
21 non-frivolous.

22      HMK should be awarded its attorneys' fees under the FHAA and the Lease.

23

24

25

26

---

27 [4]  At the MSJ hearing, Plaintiffs' counsel had the audacity to accuse HMK of
28 "gaming" the system by not granting Plaintiffs' baseless request for an extension.

JMBM | Jeffer Mangels Butler & Mitchell LLP

## IV.    HMK SHOULD BE AWARDED REASONABLE ATTORNEYS' FEES

### A.    The Law Applicable to Attorneys' Fees Motions

"District courts must calculate awards for attorneys' fees using the 'lodestar' method." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citation omitted).  "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* (citation omitted).  "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Id.* (citation omitted).

"[T]he established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Id.* at 979 (citation omitted). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Id.*

"[A]ffidavits of the [parties'] attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases ... are satisfactory evidence of the prevailing market rate." *Id.* at 980, *quoting United Steelworkers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990).  *See also Ingram v. Oroudjian*, 647 F.3d 925 (9th Cir. 2011) (*per curiam*) (fees properly awarded based on Court's "knowledge and experience" even in absence of declarations from local attorneys or fee experts).

"[T]he court is tasked with conducting its own independent review" of the reasonableness of requests for fees. *Chambers v. Whirlpool Corp.*, 214 F.Supp.3d 877, 896 (C.D. Cal. 2016).  But, the Ninth Circuit has noted, "[b]y and large, the [district] court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1111 (9th Cir. 2014), *quoting Moreno v. City of Sacramento*, 534

1  F.3d 1106, 1116 (9th Cir. 2008).

2    "The party opposing the fee application has a burden of rebuttal that requires

3  submission of evidence to the district court challenging the accuracy and

4  reasonableness of the . . . facts asserted by the prevailing party in its submitted

5  affidavits."  *Camacho*, 523 F.3d at 980 (citation omitted; ellipses in original).

6    Prevailing parties also may recover attorneys' fees incurred in seeking to

7  recover their attorneys' fees on a case.  *See id.* at 981.

8

9    **B.    JMBM's Rates are Commensurate With the Local Legal Market**

10    JMBM litigated this case using three attorneys—one partner and two

11  associates—and charged the following rates:

| Attorney (Year) | Year(s) of Practice | Hourly Rate |
| --- | --- | --- |
| Martin H. Orlick (2017/2018) | 39/40 | $725/$745 |
| Andrew I. Shadoff (2018) | 8 | $495 |
| Stuart K. Tubis (2017/2018) | 6/7 | $445/$465 |

[*See* Orlick Decl., ¶¶ 9-10.[5]]

All of these rates are reasonable and are commensurate with rates charged in
the Los Angeles market for litigation attorneys with the skill and experience of these
attorneys.  [*See* Orlick Decl., ¶¶ 11-22, Exs. 13-14.]

Recent cases decided by Courts of this District confirm that JMBM's rates for
its attorneys are reasonable and commensurate with rates charged in the Central
District of California and the Los Angeles market.

For example, in *ScripsAmerica, Inc. v. Ironridge Global LLC*, No. CV 14-

---

[5]  JMBM also charged approximately $27,170 in fees for services provided by
paraprofessionals, including a contract attorney with more than 20 years' of
litigation experience, a paralegal with more than 10 years' of litigation experience,
and two experienced research librarians.  [Orlick Decl., ¶ 9.]  As a gesture of good
faith, HMK does not seek reimbursement for those fees as part of this Motion.

03962 SJO (AGRx), 2016 WL 6871280 (C.D. Cal. Jan. 12, 2016), Judge Otero relied on the prevailing party's attorney's declaration as well as "the Court's familiarity with prevailing market rates in the Central District" in approving hourly rates of $950 for a partner who had practiced since 1978, $700 for an associate practicing for ten years, and $625 for an associate practicing for three years. *Id.* at *4. *See also Navarro v. DHL Global Forwarding*, No. 2:15-cv-05510-CAS(Ex), 2018 WL 2328191, *2 (C.D. Cal. May 21, 2018) (approving hourly rates of $650 for 28-year sole practitioner and $450 for 10-year sole practitioner); *Counts v. Meriwether*, No. 2:14-cv-00396-SVW-CW, 2016 WL 1165888, *3 (C.D. Cal. Mar. 9, 2016) (approving hourly rates of $701.25 for a partner practicing for 33 years and $488.75 for an associate practicing for 8 years); *Andresen v. Int'l Paper Co.*, No. 2:13-cv-02079-CAS(AJWx), 2015 WL 3648972, *13 (C.D. Cal. June 10, 2015) (approving hourly rate of $750 for partner with 20 years' experience and $450 for associate with 5 years' experience); *Rodriguez v. County of Los Angeles*, 96 F.Supp.3d 1012, 1023 (C.D. Cal. 2014) (approving rates of $700-$975 for partners, $600 for a tenth-year lawyer, and $500 for a sixth-year lawyer); *accord Chambers*, 214 F.Supp.3d at 899 ("In Los Angeles, hourly rates between $485 and $750 are common.").

Two surveys of law firm rates further confirm that JMBM's rates are commensurate with the Los Angeles legal market.

The Thomson West "Peer Monitor" survey of Los Angeles litigation attorneys shows that the median hourly fee for an equity partner practicing for 40 years (like Mr. Orlick) is $1,180, the median hourly fee for an associate of 8 years' experience (like Mr. Shadoff) is $706, and the median hourly fee for an associate of 7 years' experience (like Mr. Tubis) is $686. [*See* Orlick Decl., Ex. 13.] The rates charged by JMBM in this case are significantly lower than those median rates.

Similarly, a 2014 National Law Journal survey of rates also confirms that JMBM's rates are in line with rates charged by other large Los Angeles firms. [*Id.*,

1   Ex. 14.]  *See Chambers*, 214 F.Supp.3d at 900 (citing that survey in awarding fees).

2       Based on all of this evidence, the rates charged by JMBM's attorneys in this

3   case were reasonable and commensurate with rates in the Los Angeles market.

4

5       **C.    JMBM's Fees Were Reasonably Incurred**

6       The fees HMK incurred in this case were reasonably incurred.  In order to

7   keep costs down, the lion's share of the work on this matter was performed by two

8   associates—Mr. Tubis and Mr. Shadoff—who focused on different tasks throughout

9   the case.  As explained in more detail in the Orlick Declaration, JMBM utilized a

10  division of labor to keep any duplication to a minimum.  In particular, JMBM's

11  attorneys participated in this litigation as follows:

12      ● Mr. Orlick has overseen this litigation from its inception.  He has been

13  responsible for overall case strategy and also participated in key events during the

14  litigation, including taking the depositions of each of Plaintiffs, which elicited key

15  admissions that supported HMK's MSJ, representing HMK at mediation, defending

16  Mr. Khaloian at his deposition, overseeing the preparation of pretrial materials, and

17  successfully arguing the MSJ.  [*Id.*, ¶¶ 12-14.]

18      ● Mr. Tubis provided key support from the outset of this case, including

19  analyzing and responding to the Complaint, gathering the background facts,

20  researching the law needed to defeat Plaintiffs' claims, handling initial discovery

21  matters, and drafting HMK's mediation brief.  [*Id.*, ¶¶ 15-16.]

22      ● Mr. Shadoff became involved starting in January 2018.  He took over

23  primary responsibility for researching and drafting motion papers, including HMK's

24  successful MSJ, HMK's largely successful opposition to Plaintiffs' motion to

25  compel, and HMK's successful opposition to Plaintiffs' *ex parte* application to

26  prevent Mr. Howard's deposition.  Mr. Shadoff also assisted with discovery matters,

27  including handling interactions with the Department of Veterans' Affairs, obtaining

28  the critical declaration of Dr. Murthy and taking the deposition of Dr. Park that

JMBM | Jeffer Mangels Butler & Mitchell LLP

formed the basis of HMK's MSJ.  [*Id.*, ¶¶ 17-18.]

As the lead attorney on the case, Mr. Orlick reviewed all of the bills to ensure that the fees charged to the client were for non-repetitive work necessary to this case and that the time spent on all such work was reasonable.[6]  [*Id.*, ¶¶ 4-6.]  The fees charged by these attorneys were as follows:

| Year | Attorney | Hourly Rate | Hours Billed | Amount Billed |
|------|----------|-------------|--------------|---------------|
| 2017 | Orlick | $725 | 5.3 | $3,842.50 |
| | Tubis | $425 | 47.8 | $21,271.00 |
| 2018 | Orlick | $745 | 98.7 | $73,531.50 |
| | Shadoff | $495 | 157.4 | $77,913.00 |
| | Tubis | $445 | 74.4 | $34,596.00 |
| **Subtotal of Partner Time (104.0 hours):** | | | | **$77,374.00** |
| **Subtotal of Associate Time (279.6 hours):** | | | | **$133,780** |
| **TOTAL ATTORNEYS' FEES:** | | | | **$211,154.00** |

[*See* Orlick Decl., Exs. 2-11 (monthly invoices) and Ex. 12 (breakdown by biller).]

All of these hours were reasonably incurred in the pursuit of total victory. [*Id.*, ¶¶ 8-9, 19.]  They all should be awarded to HMK.

V.     **CONCLUSION**

For the foregoing reasons, HMK respectfully requests that the Court award it $211,154.00 in attorneys' fees reasonably incurred in defeating this action.

---

[6]  As noted above, HMK does not seek to recover fees charged for the work of JMBM's paralegals, research librarians, and other professional assistants.

1 | DATED:  June 25, 2018

JEFFER MANGELS BUTLER &
MITCHELL LLP
MARTIN H. ORLICK
ANDREW I. SHADOFF
STUART K. TUBIS


By:  /s/ Andrew I. Shadoff
ANDREW I. SHADOFF
Attorneys for Defendants HMK Holdings,
LLC and Hovik M. Khaloian

JMBM | Jeffer Mangels
Butler & Mitchell LLP